UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY | CIVIL ACTION NO. 20-1458 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| COVINGTON COMPANY, INC., and DELEK LOGISTICS OPERATING, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant Delek Logistics Operating, LLC's ("Delek LLC") Motion to Dismiss for Lack of Subject Matter Jurisdiction or Stay in Favor of Pending State Action. See Record Document 9. Plaintiff St. Paul Fire & Marine Insurance Company ("St. Paul") opposes the Motion. See Record Document 18. Delek LLC has filed a reply. See Record Document 21. Oral argument was held on March 12, 2021. See Record Document 27. At the conclusion of the hearing, the Court ordered limited jurisdictional discovery on the specific issue of citizenship of the publicly traded members of Delek LP, Delek LLC's sole member. See Record Document 28. After conducting this discovery, the parties filed supplemental memoranda discussing its effect on the Motion to Dismiss. See Record Documents 33, 34 & 39. Based on this jurisdictional evidence, the Court hereby **GRANTS** Delek LLC's Motion to Dismiss and **DENIES AS MOOT** its Motion to Stay.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The instant lawsuit is an insurance coverage action stemming from a pipeline project gone wrong. In 2019, after Delek LLC had drained the pipeline of its diesel product, a track hoe operator from its subcontractor, Covington Company, Inc. ("Covington"), struck and punctured the pipeline, leaving a twelve-inch hole. See Record Document 5 at

¶4.2. Delek LLC was not alerted of this incident when it began refilling the pipeline a few days later. See id. As a result, the surrounding soil suffered significant contamination. See id. Delek LLC claims to have incurred over $7 million in restoration expenses. See id. St. Paul, as the coverage provider for the project, believes it has no duty to indemnify Covington or Delek LLC for "pollution clean-up costs" under the terms of its policy with Covington and seeks a declaratory judgment to that effect in this Court. See id. at ¶1.1.

Delek LLC sued Covington in Arkansas state court on January 24, 2020, claiming breach of contract for failing to procure sufficient insurance coverage and negligence for the accident itself. See Record Document 9-3. The case was removed to the U.S. District Court for the Western District of Arkansas on March 3, 2020, but an unopposed motion to remand was granted two months later. See Record Document 9-4. Once back in state court, Delek LLC issued a subpoena to St. Paul. See Record Document 9-6. St. Paul moved to quash this subpoena but was denied on November 19, 2020. See Record Document 9-7.

Just prior to the Arkansas state court's order on the motion to quash, the instant suit was filed on November 13, 2020. See Record Document 1. Subsequently, Delek LLC filed a new lawsuit in Arkansas state court naming St. Paul, Travelers Indemnity Company, and Covington as defendants on December 3, 2020. See Record Document 9-8. This suit claims insurer bad faith and breach of contract, while also seeking declaratory relief as to Delek LLC and Covington's rights under the relevant policies. See id. at ¶1.

The Court granted oral argument on Delek LLC's Motion to Dismiss or Stay to address an issue of first impression for the Fifth Circuit—how to determine the citizenship

of a master limited partnership ("MLP") for which a minority of interests are publicly traded. See Record Documents 19 & 24. After hearing from both parties, the Court expressed its concern with dismissing the case for lack of diversity jurisdiction without any evidence that Delek LP's publicly traded members consisted of Connecticut residents who would destroy complete diversity with St. Paul. See Record Document 29. Accordingly, the Court ordered limited jurisdictional discovery take place to ascertain, as best possible, the citizenship of these "phantom members" on the date of this lawsuit's filing.[1] See id.

In accordance with this order, Delek LP's accounting firm disseminated a Schedule K-1 Form for each limited partner who held Delek LP stock at any time in 2020. See Record Document 33. Each of these Schedule K-1 Forms also included a 2020 Ownership Schedule detailing the transaction histories of these members. See id. Delek LLC then prepared, and filed into the record under seal, a spreadsheet listing all responses and the addresses provided, with the capability of being filtered according to state of residence and transaction date. See id. Two hundred and eighty-five (285) of these responding parties reported Connecticut addresses, and ninety-six of these Connecticuters held units of Delek LP on November 13, 2020. See id.

## LAW AND ANALYSIS

Delek LLC argues the Court lacks subject matter jurisdiction over this matter because it has not been properly pled and complete diversity does not exist. See Record Document 9 at 5. In the alternative, Delek LLC asks the Court to stay proceedings in favor

---

[1] At oral argument, counsel for Delek LLC voiced her concerns with both obtaining and providing information regarding publicly traded members due to possible issues with intermediary clearinghouses, confidentiality protections, and potential objecting members. See Record Document 29. These concerns have not been revisited in Delek LLC's supplemental memoranda post-discovery, and the information shared with the Court is sufficient for it to rule on the instant Motion.

of the pending Arkansas suit. See id. at 10. St. Paul argues subject matter jurisdiction does exist because Delek LP should be treated as a corporation rather than a limited partnership. See Record Document 18. Finally, St. Paul contests that abstention in favor of the state court action is not necessary or warranted under the present circumstances. See id.

I.   **Legal Standard**

"Motions filed under Rule 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case." Green v. White, 2020 WL 5836556 at *2 (W.D. La. Sept. 30, 2020) (citing Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)). A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to hear a case. See Home Builders Assoc., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). Diversity subject matter jurisdiction is set by statute and provides that federal district courts may only hear cases where (1) every plaintiff is diverse from every defendant and (2) the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332. Diversity of the parties is analyzed at the time the complaint is filed. See Kirt v. LaFargue, 2014 WL 43699979 at *3 (W.D. La. Sept. 2, 2014). Importantly, the party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss. See Life Partners, Inc. v. United States, 650 F.3d 1026, 1029 (5th Cir. 2011).

For diversity purposes, the citizenship of organizations is determined according to the type of entity in the lawsuit. Corporations are citizens of the state in which they have been incorporated and the state where their principal place of business is located. See 28 U.S.C. § 1332(c). Unincorporated entities, such as LLCs and LPs, are dependent upon

the citizenship of all of their members. See Americold Realty Tr. v. Conagra Foods, Inc., 136 S. Ct. 1012, 1014-15 (2016); Harvey v. Grey Wolf Drilling, 542 F.3d 1077, 1080 (5th Cir. 2008). This requires actively "tracing their citizenships down the various organizational layers where necessary." Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 (5th Cir. 2009).

**II.     Analysis**

It is undisputed that St. Paul is a citizen of Connecticut and Covington is a citizen of Louisiana. See Record Document 5 at ¶¶2.1-2.2. As such, the instant Motion turns on Delek LLC's citizenship. This seemingly straightforward task is anything but, as Delek LLC and its multi-tiered organizational structure resembles that of a Russian nesting doll. The resulting entity has become known as a master limited partnership or MLP. While MLPs have raised jurisdictional questions in federal courts across the country, this marks the first instance where this Court is specifically tasked with determining an MLP's citizenship where a minority of its member's members are publicly traded unitholders.[2] Despite the difficulties associated with analyzing the structure of MLPs, courts have held firm to the bright-line rules governing unincorporated entities.

As a limited liability corporation, Delek LLC is a citizen of the state of all of its members. See Harvey, 542 F.3d at 1080. Delek LLC's sole member is Delek LP. See Record Document 5 at ¶2.4. As a limited partnership, Delek LP is a citizen of the state of all of its partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). The partners of Delek LP include: (1) its general partner Delek Logistics GP, LLC; (2) its

---

[2] Magistrate Judge Hornsby has dealt with a jurisdictional challenge to an MLP-like structure, but this occurred prior to the coining of the term "MLP" and did not involve a minority of interests in the organization. See generally Masion v. Liberty Mut. Ins. Co., 2006 WL 1675378 (W.D. La. June 16, 2006).

master limited partner Delek US; and (3) publicly traded shareholders comprising a minority stake of approximately twenty percent (20%) in the company. See Record Document 11.

St. Paul argues the citizenship of these shareholders should not be considered in the Court's diversity analysis. See Record Document 18 at 5. In support of this contention, St. Paul raises three arguments in favor of exclusion. First, St. Paul urges the Court to consider the actual terms of the partnership agreement and precedent from the Supreme Court and Fifth Circuit analyzing the actual nature of intra-organizational relationships. See id. at 7. Second, St. Paul stresses that Congress has recognized MLPs as corporations in legislation. See id. Third and finally, St. Paul asks the Court to apply the so-called "juridical personality" exception to Delek LP and remove it from the established jurisprudence on this subject. See id. Each of these arguments will be addressed in turn.

### A. Delek LP's Partnership Agreement

St. Paul urges the Court to consider the nature of the relationship between Delek LP and its shareholder members and ultimately disregard this 20% minority as nominal to the suit. See Record Document 18 at 8. In support of this argument, St. Paul cites numerous Supreme Court and Fifth Circuit opinions in which these courts analyzed the true nature of relationships between parties within organizational entities rather than mere application of the bright-line rule requiring all members to be considered. See id. at 8-10. St. Paul then highlights Delek LP's partnership agreement itself, where the 20% minority members are treated more like shareholders of a corporation than equal members of a partnership with decision-making power. See id. at 11-12.

While fairly argued, St. Paul's request of this Court was explicitly rejected by the Supreme Court in Carden v. Arkoma Associates. See 494 U.S. 185, 195 (1990). In Carden, Justice Scalia held firm to the Court's "oft-repeated rule that diversity jurisdiction in a suit by or against the [unincorporated] entity depends on citizenship of all the members." Id. In addressing the same challenge made here—rooted in a case St. Paul itself cites—the Court wrote:

> This approach of looking to the citizenship of only some of the members of the artificial entity finds even less support in our precedent than looking to the State of organization (for which one could at least point to *Russell*). We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members. No doubt some members of the joint stock company in *Chapman*, the labor union in *Bouligny*, and the limited partnership in *Great Southern* exercised greater control over their respective entities than other members. But such considerations have played no part in our decisions.

Id. at 192. Since this ruling, Carden and its support for the "doctrinal wall" between how courts treat corporations versus all other unincorporated entities has not been breached. See id. at 189.

The Court notes St. Paul's repeated arguments that lower courts since Carden have failed to grapple with its analysis, merely affirming its bright-line rule. See Record Document 18 at 7. Of course, this bright-line rule governing the citizenship of partnerships has also been extended to MLPs such as that at issue here. See e.g., Grynberg v. Kinder Morgan Energy Partners, L.P., 805 F.3d 901 (10th Cir. 2015); Trafigura AG v. Enter. Prods. Operating, LLC, 995 F. Supp.2d 641 (S.D. Tex. 2014); Williams v. Pipe Pros, LLC, 2021 WL 951933 (S.D. Tex. Mar. 11, 2021). As the Carden court itself emphasized, the jurisdiction of federal courts, whether overarchingly or for specific types of entities, is an area of the law best left to Congress. See Carden, 494 U.S. at 197. Without any

jurisdictional guidance specifically on-point, all federal courts—including this one—must adhere to the governing bright-line mandate in place at this time.

### B. MLPs as Corporations for Tax Purposes

It would be inaccurate to state that Congress has not addressed the MLP phenomenon altogether. 26 U.S.C. § 7704, titled Certain Publicly Traded Partnerships Treated as Corporations, operates as its name suggests and applies to partnerships like MLPs whose interests are traded on established security markets. See § 7704(b)(1). Although this codification represents what St. Paul seeks, Congress has exempted entities engaged in natural resources production who reach a certain threshold of income from this source. See § 7704(c). Further, this recognition of MLPs' resemblance of corporations for purposes of the tax code has not been similarly codified for jurisdictional purposes. Nevertheless, St. Paul's citation and argument pertaining to this statutory provision seeks to persuade the Court that Delek LP's organization structure warrants treatment as a corporation rather than a partnership. See Record Document 18 at 12-13.

The Court does not disagree with St. Paul that on a sliding scale between corporations and partnerships, MLPs may be closer to the former than the latter. However, the law post-Carden is clear that courts must adhere to the rules for citizenship of unincorporated entities that requires tracing down the various organizational tiers to determine what states of citizenship are represented within the partnership. MLPs like Delek LP are not corporations and cannot be pleaded or analyzed as such.

### C. Juridical Personality Exception

St. Paul's final argument seeks application of the lone exception to the Carden rule for entities with juridical personalities. See id. at 13. The Carden court noted the "one

exception to the admirable consistency of our jurisprudence" was present in Puerto Rico v. Russell & Co., where a unique entity known as a *sociedad en comandita* was treated like a corporation for jurisdictional purposes. 494 U.S. at 189-90. The Court in Russell examined the unique attributes of this Puerto Rican entity before holding those "characteristics under the Codes of Puerto Rico give content to their declaration that the sociedad is a juridical person. That personality is so complete in contemplation of the law of Puerto Rico that we see no adequate reason for holding that the sociedad has a different status for purposes of federal jurisdiction than a corporation." 288 U.S. 476, 481 (1933). To date, the *sociedad en comandita* remains the sole instance where the Supreme Court has held the juridical personality exception applies. See Grynberg, 805 F.3d at 907.

Although most challengers cite Russell to demonstrate the potential penetrability of the bright-line Carden rule, St. Paul believes Delek LP meets the juridical personality exception itself because it possesses characteristics similar to the *sociedad en comandita*. See Record Document 18 at 13-14. While some traits are present in both entities—namely those typically found in corporate entities—the Supreme Court has foreclosed this argument. See United Steelworkers of America, AFL-CIO v. R. H. Bouligny, Inc., 382 U.S. 145, 151 (1965). In Bouligny, the Court explained the issue in Russell as "that of fitting an exotic creation of the civil law, the sociedad en comandita, into a federal scheme which knew it not." Id. Consequently, the Carden Court reasoned:

> There could be no doubt, after *Bouligny*, that at least common-law entities (and likely all entities beyond the Puerto Rican *sociedad en comandita*) would be treated for purposes of the diversity statute pursuant to what *Russell* called 'the tradition of the common law,' which is 'to treat as legal persons only incorporated groups and to assimilate all others to partnerships.'

494 U.S. at 190. For all intents and purposes, the Supreme Court has cordoned off the *sociedad en comandita* and its juridical personality exception, and all federal courts to consider its potential applicability to MLPs have done the same. See e.g., Grynberg, F.3d at 907. Accordingly, St. Paul's efforts to double the list of entities qualifying for the juridical personality exception must be rejected.

## CONCLUSION

While the arguments raised by St. Paul and others in MLP jurisdictional disputes across the nation are certainly worthy of consideration, the law is clear that unincorporated entities are citizens of the states of all of their members. In the instant suit, Delek LLC is a citizen of all the states in which Delek LP has members. This includes the State of Connecticut, which destroys diversity with St. Paul. Accordingly, Delek LLC's Motion to Dismiss (Record Document 9) is hereby **GRANTED** and the lawsuit is hereby **DISMISSED WITHOUT PREJUDICE**. Delek LLC's alternative Motion to Stay is hereby **DENIED AS MOOT**. A judgment memorializing the terms of this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 7th day of June, 2021.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT